UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ORRIN MARABLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  7:18-cv-00573-VEH-SGC |
| ) | |
| DR. DUBOSE, H.C.U. Doctor, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff, proceeding *pro se*, filed an amended complaint asserting claims for deliberate indifference to medical needs during his incarceration in multiple prisons within the State of Alabama.  (Doc. 13).  The undersigned entered an Order for Special Report based on the plaintiff's contentions.  (Doc. 14).  In response to the Order for Special Report, the plaintiff filed a notice explaining the claims against Dr. Dubose arose from events at Easterling Correctional Facility in Clio, Alabama, which is located in the Middle District of Alabama.  (Doc. 15).

While this court may adjudicate the plaintiff's claims for improper medical care administered by Nurse Odom at Bibb Correctional Facility, in Brent, Alabama, *see* 28 U.S.C. § 81(a), the deliberate indifference claims arising from Dr. Dubose's care at Easterling are legally distinct.  Rule 20(a) of the *Federal Rules of Civil Procedure* precludes a plaintiff from joining unrelated claims against

multiple defendants unless the claims arose out of the same transaction. *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015). A plaintiff may join multiple defendants in a single action only if: (1) the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) if "any question of law or fact common to all defendants will arise in the action." *Id.* (quoting FED. R. CIV. P. 20(a)). The claims arising from the plaintiff's medical care at Easterling are factually and legally distinct from those stemming from his medical care at Bibb Correctional Facility. Accordingly, the claims based on events at Easterling are misjoined. Although misjoinder of parties is not grounds for dismissal, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Here, the claims against Dr. Dubose are due to be severed and transferred to Middle District of Alabama.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends the plaintiff's claims against Dr. Dubose be **SEVERED** from this action and **TRANSFERRED** to the United States District Court for the Middle District of Alabama for all further proceedings. The magistrate judge further recommends the plaintiff's claims against Nurse V. Odom proceed in this court.

## **NOTICE OF RIGHT TO OBJECT**

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments. An objecting party must serve a copy of its objections on each other party to this action.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional

evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a district judge.

The Clerk is **DIRECTED** to serve a copy of this Report and Recommendation on: (1) the plaintiff; (2) V. Odom at Bibb County Correctional Facility, 565 Bibb Lane, Brent, Alabama, 35034; and (3) Dr. Dubose, Easterling Correctional Facility, 200 Wallace Drive, Clio, Alabama, 36017-2615.

**DONE** this 31st day of May, 2018.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE